IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. PX-22-430 |
| | : | |
| JOHN ARTHUR WIGGINS, | : | |
| | : | |
| Defendant | : | |

## DEFENDANT JOHN WIGGINS' EMERGENCY MOTION FOR DETENTION HEARING

The Defendant, John Wiggins ("Mr. Wiggins"), by and through his counsel, John M. McKenna, and Brennan, McKenna & Lawlor, Chtd., respectfully submits this Emergency Motion for Detention Hearing in the hope that this Court will order his release so that he may attend his father's funeral. Mr. Wiggins respectfully requests an expedited hearing on this Motion. In support of this Motion, counsel states as follows:

1.   On December 14, 2022, Mr. Wiggins was charged by way of a one-count Indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). (Indictment, ECF No. 1.) On January 20, 2023, Mr. Wiggins appeared before United States Magistrate Judge Ajmel A. Querreshi for an Initial Appearance. At the conclusion of that proceeding, Mr. Wiggins consented to his pretrial detention without prejudice to his right to request a detention hearing at a later date. (Order of Detention by Agreement, ECF No. 14.)

1

Since that date, Mr. Wiggins has been detained at the Prince George's County Detention Center.

2.  On March 8, 2023, the United States filed a Superseding Indictment charging Mr. Wiggins with the following offenses: being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Counts One and Two); possession with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Three); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Superseding Indictment, ECF No. 19.)

3.  On May 31, 2023, Mr. Wiggins appeared before United States District Judge Paula Xinis and accepted responsibility for his conduct in this case. Specifically, Mr. Wiggins pled guilty to Counts One, Three, and Four of the Superseding Indictment. (Plea Agreement, ECF No. 28.) The parties have agreed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that the sufficient but not greater than necessary sentence in this case is a sentence of not less than 72 months and not more than 108 months of imprisonment. *Id.* ¶ 9. Sentencing is set for September 7, 2023. (Regular Sentencing Order, ECF No. 30.)

4.  At this time, Mr. Wiggins respectfully requests that this Court order his release from custody pending sentencing under 18 U.S.C. § 3145(c). In the

alternative, Mr. Wiggins requests that he be temporarily released to the custody of a third-party custodian under 18 U.S.C. § 3142(i).

5. On July 4, 2023, Mr. Wiggins' father, John Wiggins, Sr., passed away from complications related to dementia and a series of strokes. Mr. John Wiggins, Sr. had been in hospice care before his passing. He was 73 years old at the time of his death. The funeral is scheduled for July 28, 2023 at From the Heart Church in Camp Springs, Maryland. A viewing will be held at the church on that day from 10 a.m. until 11 a.m., and the funeral service will take place from 11:00 a.m. until noon. A repast is scheduled at the church from noon until 1 p.m. The burial will take place following the service at Fort Lincoln Cemetery located in Brentwood, Maryland. Mr. Wiggins hopes that this Court will set stringent conditions of release to allow him to attend his father's funeral service and burial.

6. Under 18 U.S.C. § 3145(c), this Court may release Mr. Wiggins pending sentencing if it finds by clear and convincing evidence that Mr. Wiggins is not likely to flee or pose a danger to the community and that there are exceptional reasons why Mr. Wiggins' detention would not be appropriate. Mr. Wiggins is not a flight risk. He is 54 years old and a lifelong resident of Maryland. Mr. Wiggins' entire family unit resides in Maryland. Mr. Wiggins is pending sentencing. He knows that if he were to violate conditions of release and flee the jurisdiction, and if the Court were to find him in breach of the terms of his Plea Agreement, the

Government would likely be relieved of its obligations under Rule 11(c)(1)(C). For those same reasons, Mr. Wiggins' release would not pose a danger to the community. Mr. Wiggins has a compelling incentive to prove to the Court that he is worthy of trust in advance of his sentencing. Strict conditions of release can ameliorate any risk apparent to the Court. Mr. Wiggins would agree to reside in the third-party custody of his wife of 13 years, Ms. Kecia Wiggins, at their home in Hyattsville, Maryland. Mr. Wiggins would also agree to 24/7 home confinement with location monitoring. The death of Mr. Wiggins' father presents an extraordinary circumstance. Mr. Wiggins desires nothing more than to mourn the loss of his father with his family before he comes before the Court for sentencing.

7. If this Court determines that release under 18 U.S.C. § 3145(c) is inappropriate, Mr. Wiggins respectfully requests temporary release from custody under 18 U.S.C. § 3142(i). Mr. Wiggins submits that attending his father's funeral represents a compelling reason to grant temporary release. Mr. Wiggins would agree to strict conditions of temporary release to the third-party custody of his wife.

8. The undersigned counsel has discussed this matter with counsel for the Government and understands that the Government opposes this Motion.

9. Mr. Wiggins respectfully requests an expedited hearing on this Motion given that his father's funeral will take place one week from today.

10.     Wherefore, Mr. Wiggins respectfully requests that this Court schedule an expedited detention hearing in this matter and consider his pre-sentencing release under 18 U.S.C. § 3145(c), or in the alternative, his temporary release from custody under 18 U.S.C. § 3142(i).

Respectfully submitted,

s/_____
John M. McKenna
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane
Suite 700
Greenbelt, Maryland  20770
301-474-0044

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2023, a copy of the foregoing was sent to the United States Attorney's Office for the District of Maryland, via ECF.

s/_____
John M. McKenna